█ In the Matter of the Claim of AMELIA F. RUGGIRELLO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HAMM, J. Appeal from a decision of the Unemployment Insurance Appeal Board which sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that she voluntarily left her employment without good cause (Labor Law, § 593, subd. 1, par. [a]). The claimant requested a leave of absence of two weeks without revealing to her employer the reason for the request except to say that it was personal. The employer granted one week's leave. The claimant testified that it was "the understanding" that if she failed to return at the time specified she might lose her job. It now appears that the claimant wished to take care of her father-in-law, who was ill, but, during her leave, she did not request an extension or disclose the facts to her employer. She testified that she "just felt that [she] wanted to be a little bit stubborn and not say anything." When the claimant failed to return following the conclusion of the week she was notified of her discharge. The board found that the claimant provoked her discharge "Since she knew that she might lose her job by extending her leave without authorization" and that "this is equivalent to a voluntary leaving of employment without good cause." What constitutes good cause within the meaning of subdivision 1 of section 593 of the Labor Law is a question of fact and thus within the province of the board if its findings are supported by substantial evidence (*Matter of Sperling [Catherwood]*, 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481). On the present record we find no reason to disturb the board's determination (Labor Law, § 623; *Matter of Martino [Catherwood]*, 24 A D 2d 772). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.